# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO PACHECO,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF TREASURY, et. al.,<br><br>*Defendants*. | **Civil Action No. 18-1615**<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Julio Pacheco's ("Plaintiff") Motions for Default Judgement, ECF Nos. 10 & 11, against Defendants Asket Kaur ("Kaur"), and Coleen Trautmann ("Trautmann," and together with Kaur, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b);

and it appearing that Defendants have since appeared in this action and filed a motion to vacate the Clerk's entry of default and to dismiss Plaintiff's Complaint, Def. Mem., ECF No. 12;

and it appearing that under Federal Rule of Civil Procedure 55(c), a Court "may set aside an entry of default for good cause";

and it appearing that "a court must consider four factors when it determines whether to vacate a default judgment: '(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions,'" Mrs. Ressler's Food Prod. v. KZY Logistics LLC, 675 F. App'x 136, 139-40 (3d Cir. 2017) (quoting Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987));

and it appearing that there is nothing in the record to suggest that Plaintiff will suffer any prejudice by having this entry of default vacated, Defendants have demonstrated that they have a <u>prima facie</u> meritorious defense, as they argue that this suit is barred by the Eleventh Amendment, the Tax Injunction Act, 28 U.S.C. § 1341, and the doctrine of sovereign immunity, <u>See</u> Def. Mem. at 1-9, Defendants' conduct is not culpable as they claim that they were improperly served with the summons and complaint, <u>id.</u> at 14-15, and thus that there is no need for a sanction under these circumstances;

and it appearing that given this Circuit's "strong preference for deciding cases on the merits," the Court will vacate Defendants' default, <u>Howard Johnson Int'l, Inc. v. SSR, Inc.</u>, No. 14-4611, 2015 WL 4461347, at *1 (D.N.J. July 21, 2015) (citing <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir. 1984));

**IT IS** on this 30th day of March, 2020

**ORDERED** that Plaintiff's Motions for Default Judgment, ECF Nos. 10 and 11, are **DENIED** and that the default against Defendants is **VACATED**, and it is further

**ORDERED** that Plaintiff shall respond to Defendants' pending motion to dismiss within forty-five days of this Order.

<i>/s Madeline Cox Arleo</i><br>
**HON. MADELINE COX ARLEO**<br>
**UNITED STATES DISTRICT JUDGE**